# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHAWN STACEY PECK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV1352 JCH |
| ) | |
| JILL MCGUIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Court's Order to Show Cause why the applicant's petition for writ of habeas corpus, 28 U.S.C. § 2254, should not be dismissed as time barred. After reviewing the response, the Court finds that the petition is barred by the statute of limitations. As a result, the Court will dismiss the petition without further proceedings.

Petitioner plead guilty to tampering with a motor vehicle, assault, attempted assault, and criminal negligence and was sentenced on June 8, 2007. State of Missouri v. Peck, No. 07D7-CR00587-01. Petitioner failed to file a direct appeal of his sentence, although he did file a motion for post-conviction relief, pursuant to Mo.Sup.Ct.R. 29.15, with the circuit court on February 6, 2009, which was denied on April 15, 2009. Peck v. State of Missouri, No. 09SF-CC00161.

Petitioner filed the instant petition on August 19, 2009, which is more than a year after his conviction became final. See Mo. R. Crim. P. 30.01(d) (noting that the time for filing a direct appeal expires ten days after the judgment is entered). Consequently, the petition is barred by 28 U.S.C. § 2244(d)'s one year statute of limitations unless the petition is subject to equitable tolling.

Petitioner appears to be claiming that the petition is subject to equitable tolling because "he was unaware of what a habeas corpus was, and that he had the right to file one." "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001) (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by petitioner are not extraordinary. As a result, the petition is time-barred and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of October, 2009.

/s/ Jean C. Hamiton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE